O’Neill, J.
{¶ 1} In this case, we are asked to decide whether a juvenile court has the authority to commit a delinquent juvenile to the Ohio Department of Youth Services (“ODYS”) for a minimum period in excess of 30 days for violating his supervised release. We must then decide whether a juvenile court, when committing a juvenile to the ODYS for a supervised-release violation, can order that the commitment period be served consecutively to the commitment period imposed for the crime that resulted in the violation of supervised release. We answer both questions in the affirmative.
Facts and Procedural History
{¶ 2} On December 8, 2010, a Lorain County Court of Common Pleas Juvenile Court judge found H.V. to be delinquent for having committed an act that if committed by an adult would have constituted attempted domestic violence, a felony of the fourth degree. At the time of the offense, H.V. was on supervised release for committing two earlier domestic-violence offenses. Thus, H.V. had also been charged with violating the terms of his supervised release, but that charge was merged with the attempted-domestic-violence charge. The court committed H.V. to the ODYS for a minimum term of six months.
{¶ 3} On March 17, 2011, roughly three months after his “minimum six-month commitment” to the ODYS, H.V. was placed on supervised release from the ODYS. H.V. had been involved in two fights with other juveniles before being released.
{¶ 4} Approximately six months after H.V.’s release, H.V., then age 16, was charged with second-degree felonious assault in violation of R.C. 2903.11(A)(1). He was also charged with violating the terms of his supervised release in the 2010 domestic-violence case.
{¶ 5} On November 23, 2011, the juvenile court judge conducted a dispositional hearing, revoked H.V.’s supervised release, and committed H.V. to the ODYS for a minimum period of 90 days for violating the conditions of his supervised release. Five days later, the judge found H.V. to be delinquent and committed him to the ODYS for a minimum term of one year for the felonious assault. The court order *410 specified that the 90-day term imposed for the violation of supervised release would run consecutively to the one-year term imposed for the felonious assault.
{¶ 6} On December 27, 2011, H.V. appealed to the Ninth District Court of Appeals, asserting four assignments of error, two of which are relevant here. First, H.V. alleged that pursuant to R.C. 5139.52(F), the juvenile court erred in committing him to the ODYS for a minimum period in excess of 30 days for violating the terms of his supervised release. Second, he claimed that pursuant to R.C. 2152.17(F), the juvenile court erred when it ordered H.V. to serve his sentences consecutively. The Ninth District rejected both of H.V.’s claims and affirmed the order of the trial court.
{¶ 7} H.V. now seeks this court’s review of the court of appeals’ judgment. For the reasons that follow, we affirm the judgment of the Ninth District.
Analysis
{¶ 8} A juvenile court’s disposition order will be upheld unless the court abused its discretion. In re D.S., 111 Ohio St.3d 361, 2006-Ohio-5851, 856 N.E.2d 921. The term “abuse of discretion” implies that the trial court’s attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).
{¶ 9} In reviewing a case that originated in the juvenile court, we keep in mind the overriding purposes for dispositions of juvenile offenders as set forth by the General Assembly in R.C. 2152.01: to provide for the care, protection, and mental and physical development of the juvenile offender; to protect the public interest and safety; to hold the juvenile offender accountable; to restore the victim; and to rehabilitate the juvenile offender. The statute further states that these purposes are to be achieved “by a system of graduated sanctions and services.” R.C. 2152.01(A).
{¶ 10} First, we are asked to determine whether a juvenile court has the authority under R.C. 5139.52(F) to commit a delinquent juvenile to the ODYS for a minimum period in excess of 30 days for a violation of supervised release. H.V. asserts that the juvenile court erred in committing him to the ODYS for a minimum period longer than 30 days. H.V. argues that the Revised Code does not authorize a juvenile court to commit á delinquent juvenile to the ODYS for a specific minimum period for a violation of supervised release. He argues that R.C. 5139.52(F) authorizes the juvenile court to return a delinquent juvenile to the ODYS but does not authorize the court to determine the length of the commitment. H.V. suggests that following a revocation of supervised release, only the ODYS has the authority to impose a new period of incarceration beyond 30 days. We disagree.
*411 {¶ 11} R.C. 5139.52(F) clearly authorizes juvenile courts to return juveniles who have committed serious violations of the terms of their supervised release to the ODYS for a minimum period of 30 days. The statute provides:
(F) If a child who is on supervised release is arrested under an order of apprehension, under a warrant, or without - a warrant as described in division (B)(1), (B)(2), or (C) of this section and taken into secure custody, and if a motion to revoke the child’s supervised release is filed, the juvenile court of the county in which the child is placed promptly shall schedule a time for a hearing on whether the child violated any of the terms and conditions of the supervised release. If a child is released on supervised release and the juvenile court of the county in which the child is placed otherwise has reason to believe that the child has not complied with the terms and conditions of the supervised release, the court of the county in which the child is placed, in its discretion, may schedule a time for a hearing on whether the child violated any of the terms and conditions of the supervised release. If the court of the county in which the child is placed on supervised release conducts a hearing and determines at the hearing that the child did not violate any term or condition of the child’s supervised release, the child shall be released from custody, if the child is in custody at that time, and shall continue on supervised release under the terms and conditions that were in effect at the time of the child’s arrest, subject to subsequent revocation or modification. If the court of the county in which the child is placed on supervised release conducts a hearing and determines at the hearing that the child violated one or more of the terms and conditions of the child’s supervised release, the court, if it determines that the violation was a serious violation, may revoke the child’s supervised release and order the child to be returned to the department of youth services for institutionalization or, in any case, may make any other disposition of the child authorized by law that the court considers proper. If the court orders the child to be returned to a department of youth services institution, the child shall remain institutionalized for a minimum period of thirty days, the department shall not reduce the minimum thirty-day period of institutionalization for any time that the child was held in secure custody subsequent to the child’s arrest and pending the revocation hearing and the child’s return to the department, the release authority, in its discretion, may require the child to remain in institutionalization for longer than the minimum thirty-day period, and the child is not eligible for judicial release or early release during the minimum thirty-day period of institutionalization or any period of institutionalization in excess of the minimum thirty-day period.
*412 {¶ 12} This provision clearly means that the ODYS is prohibited from releasing a returning violator for 30 days. The statute speaks only to the minimum period of institutionalization. It clearly vests the ODYS with the authority to increase the judge’s original sentence — presumably for juveniles who simply cannot be rehabilitated within that time — but there is no indication in this section that the juvenile court is limited in the amount of time that it may impose under this provision. Nothing in the statute, or common sense, supports the proposition that the judge is limited to ordering a maximum 30-day commitment to the ODYS. Our reading of the statute is further supported by the final clause that specifically prohibits the granting of judicial release or early release “during the minimum thirty-day period of institutionalization or any period of institutionalization in excess of the minimum thirty-day period.” (Emphasis added.) R.C. 5139.52(F). It makes no sense to include this clause in the statute if the legislature intended to vest the release authority with the exclusive authority to determine whether the juvenile should be held for a period beyond the minimum 30 days. The statute is clear on its face, and the trial court and the court of appeals properly applied the law.
{¶ 13} Here we have a case in which a juvenile on supervised release following two prior offenses was committed in 2010 to the ODYS for attempted domestic violence, a felony of the fourth degree. The juvenile court merged the charge for that violation of supervised release with the charge for the attempted domestic violence. The juvenile was later placed on supervised release, and within six months, he committed yet another crime, this time a felonious assault, a felony of the second degree. The juvenile court properly revoked the juvenile’s supervised release and committed him to the ODYS for a minimum of 90 days for the supervised-release violation and for one year for the felonious assault. We will not construe the statute to prevent the court from holding H.V. fully accountable for his behavior or to force the court to ignore the fact that H.V. was not only guilty of violating the conditions of his supervised release but had also committed another violent act. There is no rational reason to suggest that a juvenile court should be limited in the sanctions that it can apply in such a situation. The court’s job, after all, is not only to attempt to correct the juvenile but to protect the public as well. R.C. 2152.01(A).
{¶ 14} Felonious assault, without question, is a serious offense and a serious violation of supervised release. H.V. appeared before the same juvenile court judge for each of the criminal offenses leading up to the felonious assault. We are wholly unpersuaded that this juvenile’s latest violation of supervised release deserved the same sanction that was imposed as a result of his previous *413 supervised-release violation or that the judge abused her discretion when she ordered a term of commitment beyond the statutory minimum of 30 days.
{¶ 15} We can find no provision in the Revised Code that gives the release authority of the ODYS the power to override a statutory minimum period of commitment or a minimum period of commitment ordered by a juvenile court. R.C. 5139.50 specifies the powers and duties of the ODYS release authority, and R.C. 5139.51 specifies the procedures that the ODYS release authority must follow when releasing a juvenile from the secure facility in which he or she was placed following a juvenile court’s order of commitment. Both of these statutes include clear prohibitions against releasing a juvenile who was committed to the ODYS by a juvenile court order. R.C. 5139.50(E)(1)[1] and 5139.51.[2]
{¶ 16} Thus, we hold that a juvenile court is within its statutory authority under R.C. 5139.52(F) to commit a juvenile for a period exceeding the 30-day minimum set forth in the statute. In so doing, we affirm the judgment of the Ninth District Court of Appeals. If the ODYS release authority releases a juvenile prior to the statutorily prescribed minimum period of 30 days, that release is contrary to law. Likewise, if the ODYS release authority releases a juvenile prior to the expiration of the minimum time specified by a juvenile court’s order, that release violates a court order and is contrary to law.
{¶ 17} Next, we are asked to determine whether a juvenile court may order a commitment term for a supervised-release violation to be served consecutively to a commitment term for a new crime. H.Y. asserts that the juvenile court erred when it ordered that his commitment for his supervised-release violation pursuant to R.C. 5139.52(F) be served consecutively to his commitment for his new felonious-assault offense pursuant to R.C. 2152.16. H.V. argues that because R.C. 2152.17(F) authorizes a court to impose consecutive commitment periods when a juvenile commits multiple felony offenses and because that section does not specifically state that a court may order a commitment term for a new felony *414 offense to be served consecutively to a term for a supervised-release violation, the juvenile court lacks the authority to require that these terms be served consecutively.
{¶ 18} We agree with H.V. that R.C. 2152.17 does not apply in this case; however, we disagree with his assertion that because R.C. 2152.17 does not apply, the juvenile court lacks the statutory authority to order that the term it imposes for a supervised-release violation be served consecutively to the term it imposes for felonious assault. Authority to impose consecutive terms can be found in R.C. 2152.19(A)(8), which provides that “[i]f a child is adjudicated a delinquent child, the court may * * * [m]ake any further disposition that the court finds proper,
{¶ 19} H.V. argues that because the Revised Code enumerates circumstances under which a juvenile court may impose consecutive terms of commitment, juvenile courts are prohibited from imposing consecutive sentences under any other circumstances. This court rejected that argument in In re Caldwell, 76 Ohio St.3d 156, 158-159, 666 N.E.2d 1367 (1996), and we reject it in this case as well.
{¶ 20} Here, the juvenile court was presented with a repeat offender whose criminal conduct showed no signs of ebbing. In fact, it was escalating — from an earlier domestic-violence charge to the current felonious-assault charge. Under these circumstances, it would have been contrary to R.C. 2152.01(A), which requires juvenile courts to hold offenders accountable for their actions by imposing graduated sanctions, for the juvenile court to continue to order the same sanction despite the escalating and dangerous criminal behavior. R.C. 2152.19(A)(8) expressly grants juvenile courts the authority to make any disposition that the court finds proper. By ordering that the commitment period imposed for H.V.’s latest supervised-release violation be served consecutively to the commitment period imposed for the felonious assault, the juvenile court, pursuant to the authority in R.C. 2152.19(A)(8), imposed a more severe sanction than it had imposed for his previous violation, in accordance with R.C. 2152.01(A).
{¶ 21} Thus, we hold that the juvenile court was within its statutory authority under R.C. 2152.19(A)(8), 5139.52(F), and 2152.01(A) to order H.V. to serve the imposed term of commitment for his supervised-release violation consecutively to the imposed term of commitment for his new crime. In so doing, we affirm the judgment of the Ninth District Court of Appeals.
Conclusion
{¶ 22} We hold that the juvenile court did not abuse its discretion when it ordered H.V. to serve a minimum 90-day term for a serious violation of supervised release. This order was made in accordance with the plain language of R.C. 5139.52(F). We also hold that it was not an abuse of discretion for the *415 juvenile court to order the term of commitment imposed for the supervised-release violation to be served consecutively to the term of commitment imposed for the underlying offense and that this order was made in accordance with the plain language of R.C. 2152.19(A)(8) and 2152.01(A).
Judgment affirmed.
O’Donnell, Lanzinger, and Kennedy, JJ., concur.
French, J., concurs in part and dissents in part.
O’Connor, C.J., and Pfeifer, J., dissent.

. The ODYS release authority is a five-member bureau within the ODYS whose members are appointed by the director of the ODYS. R.C. 5139.50(A). R.C. 5139.50 specifies the powers and duties of the release authority. The statute specifically prohibits the release authority from releasing juvenile offenders who have been committed to the legal custody of the ODYS and “who have not completed a prescribed minimum period of time or prescribed period of time in a secure facility.” R.C. 5139.50(E)(1).

. R.C. 5139.51, the statute describing the procedures the ODYS release authority must follow when releasing a juvenile offender, specifically states that the release authority “shall not discharge the child or order the child’s release on supervised visitation release prior to the expiration of the prescribed minimum period of institutionalization or institutionalization in a secure facility or prior to the child’s attainment of twenty-one years of age, whichever is applicable under the order of commitment, other than as is provided in section 2152.22 of the Revised Code [the statute setting forth the procedures for judicial release].”