[Cite as *In re N.R.*, 2014-Ohio-2333.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

IN RE: N.R.

C.A. No.     13CA0091-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     2011 05 DQ 0219

DECISION AND JOURNAL ENTRY

Dated: June 2, 2014

WHITMORE, Judge.

{¶1}    Appellant, N.R., appeals from the judgment of the Medina County Court of Common Pleas, Juvenile Division.  This Court affirms.

I

{¶2}    In 2011, the court found N.R. to be a delinquent child for trafficking drugs in the vicinity of a school.  The court sentenced N.R. to the custody of the Ohio Department of Youth Services ("DYS") for an indefinite period of six months to twenty-one years of age.  The court, however, suspended N.R.'s sentence.  On December 14, 2011, the court imposed the previously suspended sentence and several parole violations followed.

{¶3}    On September 5, 2013, a complaint was filed against N.R. alleging that he had violated his parole by: (1) committing new crimes, (2) violating curfew, (3) "violating verbal house arrest," (4) using drugs and alcohol, (5) leaving his placement without authorization, and (6) failing to attend counseling.  N.R. admitted to the violations on October 17, 2013.  The court

sentenced N.R. to 90 days in DYS for the parole violation, to be served consecutively to the remaining time on a prior parole violation from which he had been granted early release. N.R. now appeals and raises two assignments of error for our review.

II

### Assignment of Error Number One

THE MEDINA COUNTY JUVENILE COURT COMMITTED PLAIN ERROR WHEN IT ORDERED N.R. TO SERVE A 90-DAY MINIMUM DYS COMMITMENT FOR A PAROLE VIOLATION, IN VIOLATION OF R.C. 5139.52(F); FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; AND, ARTICLE I, SECTION 16, OHIO CONSTITUTION.

{¶4} In his first assignment of error, N.R. argues that the court erred in sentencing him to 90 days in the custody of DYS for a parole violation. Specifically, N.R. argues that the statute only permits the court to commit him to DYS for 30 days. We disagree.

{¶5} The Ohio Supreme Court has recently addressed this issue. The Court in, *In re H.V.*, 138 Ohio St.3d 408, 2014-Ohio-812, held "that a juvenile court is within its statutory authority under R.C. 5139.52(F) to commit a juvenile for a period exceeding the 30-day minimum set forth in the statute." *In re H.V.* at ¶ 16. Because the court had the authority under R.C. 5139.52(F) to impose the 90 day sentence, N.R.'s first assignment of error is without merit.

{¶6} N.R.'s first assignment of error is overruled.

### Assignment of Error Number Two

TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO OBJECT TO N.R.'S ILLEGAL COMMITMENT FOR A PAROLE REVOCATION, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; AND, ARTICLE 1, SECTIONS 10 AND 16, OHIO CONSTITUTION.

{¶7} In his second assignment of error, N.R. argues that his counsel was ineffective for failing to object to his illegal sentence.

{¶8} To prove ineffective assistance of counsel, N.R. must establish that (1) his counsel's performance was deficient, and (2) that but for his counsel's deficient performance there is a reasonable probability that the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). This Court need not address both *Strickland* prongs if an appellant fails to prove either one. *State v. Jones*, 9th Dist. Summit No. 26226, 2012-Ohio-2744, ¶ 16.

{¶9} N.R. argues that his counsel's performance was deficient because his counsel failed to object to a sentence that was contrary to law. N.R.'s argument rests on the assumption that the court did not have the statutory authority to impose his 90 day sentence. Because we have concluded that the court had the authority to impose his sentence, N.R. cannot establish that his counsel's failure to object to his sentence on this basis was deficient performance. *See State v. Hodge*, 9th Dist. Lorain No. 98CA007056, 2000 WL 1533917, *6 (Oct. 18, 2000) (having found no error in the jury instructions, counsel's failure to object was not ineffective).

{¶10} N.R.'s second assignment of error is overruled.

III

{¶11} N.R.'s assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

BETH WHITMORE
FOR THE COURT

BELFANCE, P.J.
HENSAL, J.
CONCUR.

APPEARANCES:

AMANDA J. POWELL, Assistant State Public Defender, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.