[Cite as *In re E.S.*, 2014-Ohio-2969.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

In re E.S.

Court of Appeals Nos. L-13-1217
L-13-1218

Trial Court Nos. DL 13234295
DL 09191581

**DECISION AND JUDGMENT**

Decided: July 3, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Maggie Koch, Assistant Prosecuting Attorney, for appellee.

Timothy Young, State Public Defender, and Brooke M. Burns,
Assistant State Public Defender, for appellant.

* * * * *

**YARBROUGH, P.J.**

## I. Introduction

**{¶ 1}** Appellant, E.S., appeals the judgment of the Lucas County Court of

Common Pleas, Juvenile Division, adjudicating him delinquent on an attempted burglary

charge and an attendant violation of his supervised release. For the following reasons, we affirm.

## A. Facts and Procedural Background

{¶ 2} On February 27, 2009, the state filed a complaint alleging that E.S. was delinquent of one count of gross sexual imposition in violation of R.C. 2907.05(A)(4). E.S. was ultimately adjudicated delinquent of the charge and placed on probation. His probation was subsequently revoked and he was committed to the Ohio Department of Youth Services (DYS) for a minimum period of 6 months, up to his 21st birthday. After completing his minimum term, E.S. was eventually released by the DYS release authority on supervised release.

{¶ 3} Ten months after his release, another complaint was filed against E.S., alleging that he was delinquent of one count of burglary in violation of R.C. 2911.12(A). E.S. entered an admission to attempted burglary on August 14, 2013, and was subsequently adjudicated delinquent on the attempted burglary charge. Additionally, the juvenile court found E.S. violated the terms of his supervised release from the 2009 case. Consequently, E.S. was adjudicated delinquent on the supervised release violation.

{¶ 4} As a result of his delinquency, E.S. was committed to DYS for a minimum period of six months for the attempted burglary, to run consecutive to a 90-day commitment for the violation of his supervised release. E.S. has timely appealed the juvenile court's adjudications.

2.

## B. Assignments of Error

**{¶ 5}** On appeal, E.S. assigns the following errors for our review:

ASSIGNMENT OF ERROR I: The Lucas County Juvenile Court committed plain error when it ordered E.S. to serve a 90-day commitment for a violation of his supervised release (parole).

ASSIGNMENT OF ERROR II: The Lucas County Juvenile Court erred when it ordered that E.S.'s commitment for a parole revocation be served consecutively to a new commitment to DYS.

ASSIGNMENT OF ERROR III: Trial counsel rendered ineffective assistance by failing to object to E.S.'s illegal commitment for a parole revocation and unlawful consecutive commitments to DYS.

## II. Analysis

**{¶ 6}** In each of E.S.'s assignments of error, he challenges the juvenile court's imposition of sentence following his delinquency adjudications. In his first assignment, he argues that the court imposed an improper minimum sentence by ordering him to serve a 90-day minimum rather than a 30-day minimum. In his second assignment, he asserts that the juvenile court erroneously imposed consecutive sentences. In his third assignment of error, E.S. contends that his trial counsel was ineffective for failing to object to the imposition of those sentences. Because the assignments are interrelated, we will address them simultaneously.

3.

**{¶ 7}** We review a juvenile court's disposition order for an abuse of discretion. *In re D.S.*, 111 Ohio St.3d 361, 2006-Ohio-5851, 856 N.E.2d 921. The term "abuse of discretion" connotes that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 8}** At the outset, we note that the issues E.S. raises on appeal are identical to those at issue in the recent Ohio Supreme Court decision in *In re H.V.*, 138 Ohio St.3d 408, 2014-Ohio-812, 7 N.E.2d 1173. While the Supreme Court's decision had already been released by the time E.S. filed his appellate brief, its precedential value was unclear due to a motion for reconsideration that was pending before the court. That motion has since been denied. Thus, *In re H.V.* will govern our disposition of this appeal.

**{¶ 9}** In *In re H.V.*, the Ohio Supreme Court was first tasked with resolving "whether a juvenile court has the authority under R.C. 5139.52(F) to commit a delinquent juvenile to the ODYS for a minimum period in excess of 30 days for a violation of supervised release." *Id.* at ¶ 10. R.C. 5139.52(F) provides, in relevant part:

> If a child who is on supervised release is arrested under an order of apprehension, under a warrant, or without a warrant as described in division (B)(1), (B)(2), or (C) of this section and taken into secure custody, and if a motion to revoke the child's supervised release is filed, the juvenile court of the county in which the child is placed promptly shall schedule a time for a hearing on whether the child violated any of the terms and conditions of the

4.

supervised release. If a child is released on supervised release and the juvenile court of the county in which the child is placed otherwise has reason to believe that the child has not complied with the terms and conditions of the supervised release, the court of the county in which the child is placed, in its discretion, may schedule a time for a hearing on whether the child violated any of the terms and conditions of the supervised release. * * * If the court of the county in which the child is placed on supervised release conducts a hearing and determines at the hearing that the child violated one or more of the terms and conditions of the child's supervised release, the court, if it determines that the violation was a serious violation, may revoke the child's supervised release and order the child to be returned to the department of youth services for institutionalization or, in any case, may make any other disposition of the child authorized by law that the court considers proper. If the court orders the child to be returned to a department of youth services institution, the child shall remain institutionalized for a minimum period of thirty days, the department shall not reduce the minimum thirty-day period of institutionalization for any time that the child was held in secure custody subsequent to the child's arrest and pending the revocation hearing and the child's return to the department, the release authority, in its discretion, may require the child to remain in institutionalization for longer than the minimum thirty-day period, and the

child is not eligible for judicial release or early release during the minimum thirty-day period of institutionalization or any period of institutionalization in excess of the minimum thirty-day period.

{¶ 10} H.V. argued that the statute authorized the juvenile court to recommit a delinquent juvenile to DYS, but did not allow the juvenile court to specify the term of such commitment. *In re H.V.* at ¶ 10. Rather, H.V. contended, only DYS had the authority to extend the commitment beyond the 30-day period specified in R.C. 5139.52(F). *Id.* The Supreme Court disagreed.

{¶ 11} With respect to R.C. 5139.52(F), the Supreme Court stated:

This provision clearly means that the ODYS is *prohibited* from releasing a returning violator for 30 days. The statute speaks only to the minimum period of institutionalization. It clearly vests the ODYS with the authority to *increase* the judge's original sentence * * * but there is no indication in this section that the juvenile court is limited in the amount of time that it may impose under this provision. Nothing in the statute, or common sense, supports the proposition that the judge is limited to ordering a *maximum* 30-day commitment to the ODYS. Our reading of the statute is further supported by the final clause that specifically prohibits the granting of judicial release or early release "during the minimum thirty-day period of institutionalization *or any period of institutionalization in excess of the minimum thirty-day period.*" It makes no sense to include this clause in the

statute if the legislature intended to vest the release authority with exclusive authority to determine whether the juvenile should be held for a period beyond the minimum 30 days. (Emphasis sic.) *Id.* at ¶ 12.

{¶ 12} Ultimately, the Supreme Court held that "a juvenile court is within its statutory authority under R.C. 5139.52(F) to commit a juvenile for a period exceeding the 30-day minimum set forth in the statute." *Id.* at ¶ 16.

{¶ 13} In support of his first assignment of error, E.S. makes the same arguments that were rejected by the Supreme Court in *In re H.V.* In light of the Supreme Court's holding, we find E.S.'s first assignment of error not well-taken.

{¶ 14} The second issue that was resolved by the Supreme Court in *In re H.V.*, which is identical to the issue underlying E.S.'s second assignment of error, was "whether a juvenile court may order a commitment term for a supervised-release violation to be served consecutively to a commitment term for a new crime." *Id.* at ¶ 17. With respect to this issue, H.V. argued that R.C. 2152.17(F) did not apply to him because the statute only governed the imposition of consecutive sentences for multiple felony offenses. The Supreme Court agreed with H.V. that R.C. 2152.17(F) did not authorize the juvenile court to order the commitment period for a violation of H.V.'s supervised release to be served consecutive to the commitment period imposed for the new felony. However, the court concluded that the sentence was permissible under R.C.

7.

2152.19(A)(8).[1] *Id.* at ¶ 21 ("the juvenile court was within its statutory authority * * * to order H.V. to serve the imposed term of commitment for his supervised-release violation consecutively to the imposed term of commitment for his new crime").

{¶ 15} E.S. makes the same argument before this court that was previously advanced by H.V. concerning the juvenile court's imposition of consecutive sentences. Because the Supreme Court has already determined that consecutive sentences are permissible in this context, we find that the trial court did not abuse its discretion in imposing consecutive sentences.

{¶ 16} Accordingly, E.S.'s second assignment of error is not well-taken.

{¶ 17} In his final assignment of error, E.S. argues that his trial counsel was ineffective for failing to object to the juvenile court's imposition of sentence.

{¶ 18} To support a claim for ineffective assistance of counsel, E.S. must satisfy the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That is, he must show that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that

---

[1] R.C. 2152.19(A)(8) provides:

> (A) If a child is adjudicated a delinquent child, the court may make any of the following orders of disposition, in addition to any other disposition authorized or required by this chapter:
>
> * * *
>
> (8) Make any further disposition that the court finds proper, * * *.

8.

but for counsel's error, the result of the proceedings would have been different. *Id.* at 687-688, 694.

{¶ 19} We have already concluded that the juvenile court did not err in ordering E.S. committed to DYS for a minimum term of 90 days and ordering that sentence served consecutive to the commitment for the underlying offense. Therefore, we find that E.S. has failed to demonstrate that his trial counsel was unreasonable for failing to object to the juvenile court's imposition of sentence. Further, we conclude that E.S. was not prejudiced by counsel's performance.

{¶ 20} Accordingly, E.S.'s third assignment of error is not well-taken.

### III.  Conclusion

{¶ 21} Based on the foregoing, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs are hereby assessed to E.S. in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

9.

Thomas J. Osowik, J.

Stephen A. Yarbrough, P.J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.