[Cite as *In re S.J.*, 2016-Ohio-7540.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
SHELBY COUNTY

IN RE:                                        CASE NO. 17-16-16

    S.J.
                                              O P I N I O N
ADJUDGED DELINQUENT CHILD

IN RE:                                        CASE NO. 17-16-17

    S.J.
                                              O P I N I O N
ADJUDGED DELINQUENT CHILD

Appeals from Shelby County Common Pleas Court
Juvenile Division
Trial Court Nos. 2016-FEL-0001 and 2013-FEL-0007

Judgments Affirmed

Date of Decision: October 31, 2016

APPEARANCES:

    *Michael P. Walton* for Appellant

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant S.J. brings these appeals from judgments of the Court of Common Pleas of Shelby County, Juvenile Division denying S.J.'s motions to vacate the judgment ordering the sentence to be served consecutively to another juvenile commitment. For the reasons set forth below, the judgments are affirmed.

{¶2} The first case, identified in the trial court as Case No. 2013-FEL-0007 and on appeal as Case No. 17-16-17, began in 2013. On March 22, 2013, a complaint was filed alleging that S.J. was a delinquent child in that if she were an adult, she allegedly would have committed the crime of receiving stolen property in violation of R.C. 2913.51(A). 2013 Doc. 1.[1] On April 10, 2013, S.J. entered an admission to the complaint and was adjudicated to be a delinquent child. 2013 Doc. 13. The trial court then ordered that S.J. serve 30 days at the West Central Detention Center ("WCDC") and ordered that she be placed under the supervision of the Department of Youth Services ("DYS") for a minimum of six months to a maximum of her 21st birthday. 2013 Doc. 18. However, the DYS commitment was suspended. *Id*. S.J. was released from WCDC back into the custody of her father on May 18, 2013. 2013 Doc. 20.

{¶3} On June 10, 2013, a complaint was filed alleging that S.J. had violated the terms of her probation by leaving the home when she was on house arrest. 2013

---

[1] As there are multiple cases involved in this appeal, the docket from Trial Court Case Number 2013-FLE-0007 is identified as "2013 Doc." The docket from Trial Court Case Number 2016-FEL-0001 is identified as "2016 Doc."

Doc. at 24. S.J. was then returned to the custody of WCDC. 2013 Doc. at 28. However, on June 28, 2013, the State requested that this complaint be dismissed as part of a plea bargain in different cases. 2013 Doc. 36. The trial court then dismissed the probation violation. *Id*.

{¶4} On October 3, 2013, the State filed a complaint again alleging that S.J. had violated the terms of her house arrest. 2013 Doc. 39. A hearing was held on the matter on November 13, 2013. 2013 Doc. 57. At that time, S.J. admitted to the violation as well as to receiving stolen property and petty theft in two other cases arising from the violation. *Id*. The trial court ordered S.J. to be held in WCDC pending disposition. *Id*. A dispositional hearing was held on December 4, 2013. 2013 Doc. 70. The trial court then ordered that S.J. serve three consecutive minimum sentences of six months in the custody of DYS on the probation violation and two other charges. *Id*. The commitment was suspended and S.J. was placed on probation with placement in the Miami Valley Juvenile Rehabilitation Program ("MVJRP"). The trial court then ordered S.J. to serve "90 days in detention on each charge, concurrently, credit for 62 days served, balance suspended on completion of rehab." *Id*. at 2.

{¶5} On June 10, 2014, the State filed a complaint alleging that S.J. had violated the terms of her probation by not completing the program at MVJRP. 2013 Doc. 84. A hearing was held on June 11, 2014, and S.J. admitted to the violation. 2013 Doc. 93. The trial court continued the terms of probation and also ordered that

S.J. serve 90 days at WCDC. 2013 Doc. 94. On July 24, 2014, S.J. was released from detention early due to good behavior and the 47 days remaining in the sentence were suspended. 2013 Doc. 102. On October 1, 2014, custody of S.J. was changed from her father to her older sister. 2013 Doc. 105. The trial court then placed the case on inactive status. 2013 Doc. 107.

{¶6} On December 8, 2014, a review hearing was held and it was learned that S.J. was again in trouble and that she could no longer reside with her sister. 2013 Doc. 109. The trial court then returned custody of S.J. to her father and her probation was reactivated. *Id.* On December 15, 2014, the State filed a complaint alleging that S.J. again violated the terms of her probation by leaving the home without permission. 2013 Doc. 110. S.J. was then returned to the custody of WCDC pending trial. 2013 Doc. 115. A hearing was held on January 7, 2015, regarding the probation violation. 2013 Doc. 120. S.J. admitted the violation. *Id.* The trial court then released S.J. back into the custody of her father. 2013 Doc. 121.

{¶7} On February 11, 2015, the State filed a complaint alleging that S.J. had violated the terms of her probation by leaving home without permission and going to Portsmith, Ohio in a stolen vehicle. 2013 Doc. 125. S.J. was again returned to WCDC pending trial. 2013 Doc. 132. A hearing was held on February 18, 2015, and S.J. admitted to the violation. 2013 Doc. 138. On March 4, 2015, the trial court held a dispositional hearing and ordered S.J. to be committed to the legal custody of DYS for institutionalization for a minimum of six months to a maximum period not

to exceed her 21st birthday. 2013 Doc. 149. S.J. was given credit of 385 days of time served. *Id.* S.J. was released on parole from her commitment at DYS on September 30, 2015, and returned to the custody of her father. 2013 Doc. 154 and 155.

{¶8} On October 23, 2015, the State filed a complaint alleging that S.J. had violated the terms of her parole by being suspended from school. 2013 Doc. 156. A hearing was held and S.J. admitted to the violation of her parole. 2013 Doc. 160. The trial court then found that S.J. had violated the terms of her parole and ordered her to serve 20 days in WCDC, with 17 days suspended upon good behavior. 2013 Doc. 160, 161.

{¶9} On November 6, 2015, four days after her release from WCDC, the State filed a complaint alleging that S.J. had again violated the terms of her parole by taking her father's car without permission, driving without a license, driving through a stop sign, and driving after dark with no headlights. 2013 Doc. 164. S.J. admitted to this violation at the initial appearance and was adjudicated to be a delinquent child. 2013 Doc. 168. At the dispositional hearing, the trial court ordered S.J. to serve 90 days in WCDC for the parole violation, with 45 days suspended if she behaved. 2013 Doc. 169. Parole was also continued. *Id.* A hearing was held on December 23, 2015, and the trial court granted early release of S.J. for good behavior, suspended the balance of the commitment, and placed S.J. on house arrest for 30 days. 2013 Doc. 177.

{¶10} On January 6, 2016, the State filed a complaint alleging that S.J. had again violated the terms of her parole by being truant from school, stealing cash from her father, and violating curfew. 2013 Doc. 179. Pending a hearing on the parole violation, S.J. was returned to WCDC. 2013 Doc. 183. On February 17, 2016, a hearing was held and S.J. admitted to the parole violation. 2013 Doc. 190. The trial court then ordered that S.J. be "re-committed to the legal custody of [DYS] for institutionalization in a secure facility for a minimum period of 30 days." 2013 Doc. 191. The trial court later amended this order to a minimum period of 90 days by nunc pro tunc entry. 2013 Doc. 194.

{¶11} The second case, identified in the trial court as Case No. 2016 FEL 01 and on appeal as Case No. 17-16-16, began on January 5, 2016, when a complaint was filed alleging that S.J. was a delinquent child in that if she were an adult, she allegedly would have committed the crime of robbery in violation of R.C. 2911.02(A). 2016 Doc. 1. S.J. denied the allegations, but was held at WCDC pending trial. 2016 Doc. 6. On February 17, 2016, S.J. admitted to what would be a charge of attempted robbery if committed by an adult. 2016 Doc. 19. The trial court then ordered that S.J. be institutionalized by DYS for a minimum period of six months. 2016 Doc. 19. This sentence was ordered to be served consecutive to the sentence for the parole violation. *Id.*

{¶12} On April 13, 2016, S.J. filed a motion in both cases to vacate the void judgment alleging that the trial court erred by ordering her commitment for the

parole violation to run consecutive to the commitment in 2016 FEL 01.[2]  2013 Doc. 195 and 2016 Doc. 30.  The trial court overruled the motion in both cases on April 14, 2016.  2013 Doc. 197 and 2016 Doc. 32.  The denial was based upon a prior opinion from the Ohio Supreme Court finding that the juvenile court had discretion to impose consecutive terms.  *Id*.  S.J. then filed notices of appeals from both judgments.  2013 Doc. 198 and 2016 Doc. 33.  On appeal, S.J. claims one assignment of error.

> **The Shelby County Juvenile court erred when it failed to vacate its February 17, 2016 order committing S.J. to [DYS] in Case No. 2013-FEL-0007 and 2016-FEL-0001[.]**

{¶13} The sole assignment of error on appeal alleges that the trial court's judgment violates the statutory provisions of R.C. 5139.52(F).  This statute states in pertinent part as follows.

> **If the court of the county in which the child is placed on supervised release conducts a hearing and determines at the hearing that the child violated one or more of the terms and conditions of the child's supervised release, the court, if it determines that the violation was a serious violation, may revoke the child's supervised release, reinstate the original order of commitment of the child, and order the child to be returned to the department of youth services for institutionalization or, in any case, may make any other disposition of the child authorized by law that the court considers proper.  If the court orders the child to be returned to a department of youth services institution, the child shall remain institutionalized for a minimum period of ninety days, the department shall not reduce the minimum ninety-day period for any time that the child was held in secure custody subsequent to the child's arrest and pending the revocation**

---

[2] Amended motions were filed the next day to correct a typographical number in the case number of the parole violation.  2013 Doc. 196 and 2016 Doc. 31.

**hearing and the child's return to the department, the release authority, in its discretion may require the child to remain in institutionalization for longer than the minimum ninety-day period of institutionalization, and the period of institutionalization shall be served concurrently with any other commitment to the department of youth services.**

R.C. 5139.52(F). This statute went into effect on September 19, 2014, so was in effect at the time of this case. The trial court held that the consecutive sentences were specifically allowed by the Ohio Supreme Court in its opinion in *In Re H.V.*, 138 Ohio St.3d 408, 2014-Ohio-8012, 7 N.E.3d 1173. As appellant correctly asserts, this case is not applicable in this instance. That case was decided on March 13, 2014, using the prior version of the statute. That version did not require that the sentence for violation of parole be served concurrently. The current version does. Thus, the trial court was incorrect in its reasoning for denying the motion to vacate the sentence.

**{¶14}** Although the trial court's basis for its decision was incorrect, the analysis does not end there. "[T]he definitely established law of this state [is] that where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof." *Agricultural Ins. Co. v. Constantine*, 144 Ohio St. 275, 284, 58 N.E.2d 658 (1944). The statute in question in this case specifically states that the commitment for the parole violation may not be ordered to be served consecutive to another commitment. The commitment order in this case based upon the parole violation

was not ordered to be served consecutive to another. The commitment for the new offense was the sentence ordered to be served consecutive to the other. The statute does not prevent the trial court from ordering that sentence to be served consecutively to the commitment for the violation. As there is no statutory prohibition, the trial court had discretion to order the commitment in 2016 FEL 01 to be served consecutive to that in 2013 FEL 07. The assignment of error is overruled.

{¶15} Having found no error prejudicial to the appellant, the judgments of the Court of Common Pleas of Shelby County, Juvenile Division, are affirmed.

*Judgments Affirmed*

**SHAW, P.J. and PRESTON, J., concur.**

**/hls**