[Cite as *In re K.E. Alleged Delinquent Child*, 2018-Ohio-3100.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

IN RE:,

K.E.

ALLEGED DELINQUENT CHILD.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MA 0144**

---

Civil Appeal from the
Court of Common Pleas, Juvenile Division of Mahoning County, Ohio
Case No. 2017 JA 50

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Kathleen Bartlett, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. Victoria Bader*, Assistant State Public Defender, Office of The Ohio Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215 for Appellant and

*Atty. Ralph M. Rivera*, Assistant Prosecutor, Office Of The Mahoning County Prosecutor, 21 W. Boardman St., 6th Floor. Youngstown, Ohio 44503, for Appellee.

**Dated:** July 31, 2018

---

**Robb, P.J.**

{¶1} Juvenile-Appellant K.E. appeals the disposition entered by the Mahoning County Common Pleas Court, Juvenile Division. Appellant urges the case should be remanded for a new dispositional hearing due to the juvenile court's expression of a mistaken belief that the Department of Youth Services (DYS) could reduce the minimum sentence imposed by the court. He alternatively contends it was an abuse of discretion to impose maximum, consecutive sentences on two counts. As this court concludes the case must be remanded for a new dispositional hearing, Appellant's alternative contention as to the length of the sentence is not ripe for review at this time. For the following reasons, the dispositional order is reversed, and the case is remanded for a new dispositional hearing.

STATEMENT OF THE CASE

{¶2} A delinquency complaint was filed against Appellant for conduct occurring on December 4, 2016, when Appellant was 15 years old. The complaint set forth: two counts of aggravated robbery with a deadly weapon, first degree felonies; one count of felonious assault for causing or attempting to cause physical harm with a deadly weapon, a second degree felony; and three firearm specifications. An amenability hearing was held where a psychological evaluation was submitted. The juvenile court decided to retain jurisdiction rather than issuing a discretionary transfer of the case to the general division for trial as an adult.

{¶3} Appellant subsequently entered a plea agreement whereby the state amended the first two counts from aggravated robbery to kidnapping under R.C. 2905.01 (still first degree felonies) and dismissed the firearm specifications. In return, Appellant entered an admission to all three counts. The agreement disclosed the state would be recommending 84 months as a minimum commitment. Upon the child's delinquency adjudication, the court ordered the completion of an Ohio Youth Assessment System report at the request of Appellant's counsel.

{¶4} At the August 31, 2017 dispositional hearing, the state recommended the indefinite commitment to contain a minimum term of 36 months on each kidnapping to

run consecutive and a minimum term of six months on the felonious assault. As to Appellant's credit of 230 days for time served, the state believed 180 days should be applied to the six-month sentence and the remaining 50 days should be applied to one of the kidnapping counts. (Tr. 16, 18-19). Defense counsel asked for the credit for time served to be applied to each of the offenses. (Tr. 17). The court heard from the two victims. Appellant's mother and his attorney also spoke. Appellant apologized and expressed his remorse. (Tr. 24-25).

{¶5} When the court asked if the prosecutor's recommendation was an agreed recommendation, defense counsel repeated the request for time served to be credited to each count and opined the state's recommendation was "a lot of time." (Tr. 29-30). The court noted the co-defendant was transferred to be tried as an adult and then announced:

> The other thing too is, what I order here, so everyone knows, I want you to know I am not the ultimate authority. Once I pass this over to the Department of Youth Services, they can change what I order. So I can sit here and order three months on kidnapping and another three – not three months, 36 months on kidnapping, another 36 months on kidnapping. Department of Youth Services may say, no, it's only going to be 12 for each count. And I want you to know that, that that's how the system is designed. And I want [Appellant] to know that too. So I can say 36 months, they may say one year. They may say 36 months. So I only at this point make some sort of order, but it doesn't necessarily have to be followed by the DYS parole board.

(Tr. 30-31). The court added: "So my jurisdiction ends once I sign that order." (Tr. 31).

{¶6} In announcing the sentence on the first count of kidnapping, the court declared it would "take the recommendation of 36 months. Keeping in mind that DYS may amend that down and change it to one year or 12 months." The court then said it would also order 36 months on the other kidnapping count. (Tr. 33). On the felonious assault count, the court noted it was a second-degree felony which meant the minimum

period was one year, not six months as the state had recommended. (Tr. 33-34). *See* R.C. 2152.16(A)(1)(d).

{¶7} The state asked the court to credit the 230 days of time served toward the 12-month minimum on the felonious assault and suspend the balance of time on that count with no credit accruing toward the kidnapping counts. (Tr. 34). The court agreed and applied the entire credit for time served to the felonious assault and suspended the balance of the 12 months on that count. (Tr. 34-35). (Although the court applied the credit for time served to only one offense, the court never specified any sentences were consecutive; nor did the court mention an aggregate sentence which would demonstrate consecutive sentences.) The court also mentioned: "You could be released early, just so you know. If released earlier, you shall be part of this court's re-entry program." (Tr. 36). After discussing other topics, the court said: "And if you are released early, you will be placed on parole." (Tr. 40).

{¶8} The dispositional order was filed on September 7, 2017. For each kidnapping count, the court imposed commitment to the legal custody of DYS for institutionalization in a secure facility for an indefinite term consisting of a minimum period of 36 months and a maximum period not to exceed the attainment of age 21. The court ordered the two kidnapping dispositions to run consecutive to each other for a total of 72 months.[1] On the felonious assault count, the court imposed an indefinite term with a minimum period of 12 months and a maximum period of age 21, but suspended the balance remaining after 230 days were credited for time served.

{¶9} Appellant filed a timely notice of appeal. His brief was filed March 19, 2018, and the state responded on June 5, 2018.

## JUVENILE DISPOSITION

{¶10} The dispositional statute for a child adjudicated delinquent for committing an act that would be a felony if committed by an adult provides the juvenile court "may commit the child to the legal custody of the department of youth services for secure

---

[1] The provision allowing for consecutive dispositions for felonies proscribes: "A court shall not commit a delinquent child to the legal custody of the department of youth services under this division [permitting consecutive dispositions for felonies] for a period that exceeds the child's attainment of twenty-one years of age." R.C. 2152.17(F). Considering Appellant's age, the six-year period imposed by the court as a minimum would end after Appellant turned 21. Nevertheless, the maximum period was specified as age 21.

confinement" for a violation of the kidnapping statute (R.C. 2905.01) "for an indefinite term consisting of a minimum period of one to three years, as prescribed by the court, and a maximum period not to exceed the child's attainment of twenty-one years of age." R.C. 2152.16(A)(1)(c). The consecutive sentences contested here were both maximum sentences as the court imposed the highest minimum period of three years.

**{¶11}** After setting forth the available minimum terms for various felonies and the maximum as age 21, the same statute provides: "the court retains control over the commitment for the minimum period specified by the court in divisions (A)(1)(a) to (e) of this section. *During the minimum period, the department of youth services shall not move the child to a nonsecure setting without the permission of the court* that imposed the disposition." (Emphasis added.) R.C. 2152.16(A)(2). This statute continues: "Subject to division (B)(2) of this section, if a delinquent child is committed to the department of youth services under this section, *the department may release the child at any time* **after the minimum period** *specified by the court* in division (A)(1) of this section *ends.*" (Emphasis added.) R.C. 2152.16(B)(1). *See also* R.C. 2152.16(B)(2), citing R.C. 5139.34 (supervised release or discharge by DYS for medical reasons *with court approval* during the minimum period specified by the court).

**{¶12}** Appellant quotes: "The department shall not release the child from a department facility and as a result shall not discharge the child or order the child's release on supervised release **prior to the expiration of the minimum period** specified by the court in division (A)(1) of section 2152.16 of the Revised Code * * *." (Emphasis added). R.C. 2151.22(A). This division also provides when a child is committed to the legal custody of DYS under chapter 2152, "the juvenile court relinquishes control" of the child, except as provided in: division (B), which involves judicial release to court supervision during the first half of the minimum term; division (C), which involves judicial release to DYS supervision during the second half of the minimum term; division (D), which permits judicial release after the minimum term; division (H), which involves granting of supervised release to the release authority after the minimum term under R.C. 5139.51 (and violations of that release); or certain statutes relating to juvenile registrants. R.C. 2152.22(A). See also R.C. 5139.06(B)

(the child, his parent, or DYS can request the court for judicial release prior to the prescribed minimum).

{¶13} Appellant quotes from the next statute stating the DYS release authority "*shall not release* a child who is in the custody of the department of youth services from institutional care or institutional care in a secure facility *and shall not discharge* the child *or order the child's release on supervised release* **prior to the expiration of the prescribed minimum period** * * *." R.C. 5139.51(A) (other than as is provided in R.C. 2152.22). This division allows the release authority to conduct periodic reviews of a child in custody *if* the child "is eligible for supervised release or discharge *after completing the minimum period of time or period of time in an institution prescribed by the committing court*." (Emphasis added.) R.C. 5139.51(A). Likewise, division (C) states:

> If a child who is in the custody of the department of youth services was committed pursuant to division (A)(1)(b), (c), (d), or (e) of section 2152.16 of the Revised Code and has been institutionalized or institutionalized in a secure facility *for the prescribed minimum periods of time* under those divisions and if the release authority is satisfied that the discharge of the child without the child being placed on supervised release would be consistent with the welfare of the child and protection of the public, *the release authority, without approval of the court that committed the child, may discharge* the child from the department's custody and control without placing the child on supervised release.

(Emphasis added.) R.C. 5139.51(C). *See also* R.C. 5139.06(C)(4)-(5).

{¶14} Finally, the statute creating the release authority of the department of youth services provides:

> The release authority shall do all of the following: (1) Serve as the final and sole authority for making decisions, in the interests of public safety and the children involved, regarding the release and discharge of all children committed to the legal custody of the department of youth services, **except** children placed by a juvenile court on judicial release to

court supervision or on judicial release to department of youth services supervision, **children who have not completed a prescribed minimum period of time or prescribed period of time in a secure facility**, or children who are required to remain in a secure facility until they attain twenty-one years of age * * *.

(Emphasis added.)  R.C. 5139.50(E)(1).  *See also* R.C. 5139.05(B)(1) (the release authority of DYS may grant the release from custody of any child committed to the department "at any time after the end of the minimum period specified").

ASSIGNMENTS OF ERROR ONE & THREE:  COURT'S MISSTATEMENT

**{¶15}** Appellant's first and third assignments of error provide:

"The juvenile court erred when it committed K.E. to the Department of Youth Services for the maximum period of commitment with the mistaken belief that DYS could modify K.E.'s commitment."

"K.E. was denied effective assistance of counsel."

**{¶16}** These assignments of error revolve around the juvenile court's pronouncement, quoted supra in the Statement of the Case, that the court was not the ultimate authority and DYS can decrease the minimum sentence ordered by the court. In so stating, the court explained if the court followed the state's request and ordered 36 months on each kidnapping, DYS can reduce the minimum sentence to 12 months for each count.  Appellant argues the court's pronouncement is incorrect as DYS cannot reduce a minimum sentence or sua sponte release or discharge a juvenile committed to a secure facility prior to the expiration of the court-ordered minimum term.  The state concedes the juvenile court's pronouncement was incorrect as DYS is prohibited from using its release authority to provide early release during the minimum term imposed by the court.

**{¶17}** Appellant contends the court's mistaken expression of these beliefs was outcome-determinative as the court imposed (as a minimum term) maximum consecutive sentences (which total more than the age 21 maximum end of the indefinite sentence) under the mistaken belief the court's order need not be followed if DYS was inclined to release Appellant earlier.  First, he asserts the issue constitutes plain error.

{¶18} "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). An appellate court's invocation of plain error is discretionary. *Id.*; *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 23. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Landrum*, 53 Ohio St.3d 107, 111, 559 N.E.2d 710 (1990), quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. To recognize plain error, the appellate court must find an obvious error which prejudiced the appellant by affecting his substantial rights; this involves a "reasonable probability that the error resulted in prejudice." *Rogers*, 143 Ohio St.3d 385 at ¶ 22 (equating this prejudice analysis to the prejudice prong for an ineffective assistance of counsel analysis).

{¶19} Appellant alternatively frames the issue as one of ineffective assistance of counsel urging his attorney rendered ineffective assistance by failing to object to the court's statements at sentencing. Ineffective assistance of counsel involves a demonstration of deficient performance by counsel in that counsel's performance fell below an objective standard of reasonable representation and prejudice, which involves a reasonable probability the result would have been different but for counsel's errors that deprived the defendant of a fair trial. *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 82 (2016), citing *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶20} The state responds by claiming the juvenile court's declaration that DYS could reduce Appellant's minimum terms was not plain error and did not constitute ineffective assistance of counsel. The state observes defense counsel's failure to correct the court's mistaken beliefs at the dispositional hearing was not professionally unreasonable and alleges Appellant cannot show the court's sentence would have been different if the juvenile court realized the minimum terms it imposed could not be reduced by DYS. The state points out the juvenile court can release Appellant early by granting judicial release during the minimum term.

{¶21} As to the latter point, we do not ignore a sentencing error because of the possibility of receiving judicial release in the future. And, judicial release involves

different standards than release by DYS. Furthermore, after misadvising on the ability of DYS to lower the court's minimum sentence, the court also advised "my jurisdiction ends once I sign that order." (Tr. 31). The court's error in relaying the law, which the court chose to review to describe Appellant's situation, was an obvious error. As to the state's contention that Appellant failed to demonstrate the outcome would have been different, the question is whether there is a *reasonable probability* the result of the dispositional proceeding may have been different. The juvenile court's incorrect recital of the law leads us to believe there is a reasonable probability the juvenile court would have imposed lower minimum sentences (especially if it was intending to impose consecutive sentences) if the court knew DYS could not reduce Appellant's sentence at all because he would be 21 before the minimum consecutive sentences ended.

**{¶22}** Our confidence in the disposition is undermined under the circumstances existing in this case. A juvenile has the right to have a sentence rendered based on correct sentencing criteria and without the court acting while under the impression its minimum sentence was not binding on DYS and without assurances that DYS could release him regardless of the court's sentence, when in fact DYS had no authority to release him under the circumstances of this case and has no authority to sua sponte release a juvenile before the end of the court-imposed minimum term in any case (except in certain emergencies such as overcrowding). Even assuming arguendo an objection to the misstatements of the court should have been made at sentencing, we find ineffective assistance of counsel would allow the raising of the issue on appeal and we also choose to exercise our discretion and recognize plain error in this matter.

**{¶23}** Additionally, another issue must be considered by the juvenile court on remand and adds to our lack of confidence in the disposition: the juvenile court did not order consecutive kidnapping sentences at the dispositional hearing but then purported to do so in the entry. Although the state asked for consecutive terms of confinement at the dispositional hearing and the court's dispositional judgment entry ordered the two kidnapping terms to run consecutively, *the juvenile court never orally declared these terms would run consecutively at the dispositional hearing*. This particular discrepancy is not something counsel could have objected to at the dispositional hearing. We note counsel did suggest at the dispositional hearing that the state's recommendation was

too long and also asked the juvenile court to apply the credit for time served to all counts. We also note the court's refusal to provide credit for time served on the kidnapping terms, as requested by defense counsel, possibly suggested the court intended to run the felonious assault count consecutive to the kidnapping counts but had no discernible relation to whether the kidnapping counts were being ordered to run concurrent or consecutive to each other. This issue, although not raised by Appellant, further undermines confidence in the disposition rendered here and reinforces the need for a remand. Appellant's arguments are sustained, and a new dispositional hearing is ordered.

**{¶24}** As to Appellant's second assignment of error, Appellant contends the juvenile court abused its discretion in imposing maximum terms for the minimum end of the indefinite range and ran them consecutive for a total of six years (which means confinement until age 21). In a delinquency case, a child can appeal his disposition by arguing the juvenile court abused its discretion in sentencing him to a particular term of confinement. *In re H.V.*, 138 Ohio St.3d 408, 2014-Ohio-812, 7 N.E.3d 1173, ¶ 8 (and an abuse of discretion occurs when the trial court's attitude was unreasonable, arbitrary, or unconscionable). However, where a remand is required for redisposition due to other sentencing issues that made it appear the court misapplied the law, there is not yet a disposition to review for an abuse of discretion. In accordance, the arguments under Appellant's second assignment of error are not ripe for review and will not be addressed.

**{¶25}** For the foregoing reasons, this court reverses the disposition and remands for a new dispositional hearing.

Waite, J., concurs.

Bartlett, J., concurs.`

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are sustained and it is the final judgment and order of this Court that the disposition judgment of the Court of Common Pleas, Juvenile Division of Mahoning County, Ohio, is reversed.  We hereby remand this matter to the trial court for a new dispositional hearing according to law and consistent with this Court's Opinion.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**