[Cite as *In re J.R.*, 2019-Ohio-2594.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

|  |  |  |
|---|---|---|
| IN RE: J.R. | : | Appellate Case Nos. 2018-CA-125 |
|  | : | 2018-CA-126 |
|  | : | 2018-CA-127 |
|  | : | 2018-CA-128 |
|  | : |  |
|  | : | Trial Court Case Nos. 2017-1229 |
|  | : | 2018-0734 |
|  | : | 2018-0753 |
|  |  | 2018-0827 |

(Appeal from Common Pleas Court-
Juvenile Division)

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of June, 2019.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

TIMOTHY B. HACKETT, Atty. Reg. No. 0093480, Office of the Ohio Public Defender, 200 East Broad Street, Suite 1400, Columbus, Ohio 43215
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} J.R., a minor, appeals from the trial court's dispositional orders in four consolidated cases committing him to the Department of Youth Services (DYS).

{¶ 2} The record reflects that J.R. entered admissions in six different cases. Two of them involved conduct that constituted felony theft if committed by an adult. One involved conduct that constituted felony abduction. One involved misdemeanor assault. Another involved misdemeanor criminal damaging and aggravated menacing. The final case involved a supervised-release violation. (Adjudication hearing Tr. at 5-12). J.R. has appealed in the three cases involving conduct that constituted felonies if committed by an adult (App. Nos. 2018-CA-126, 2018-CA-127, and 2018-CA-128). He also has appealed in the supervised-release violation case (App. No. 2018-CA-125). In each of the three cases involving felony conduct, the trial court ordered J.R. committed to DYS for a minimum term of six months. The trial court ordered these six-month terms to be served consecutively. In the supervised-release violation case, the trial court imposed a 90-day commitment to DYS. It made this commitment consecutive to the others. (Disposition hearing Tr. at 6-7).

{¶ 3} J.R. advances two assignments of error on appeal. First, he contends the trial court acted without statutory authority when it imposed a consecutive commitment for a supervised-release violation. Second, he alleges ineffective assistance of counsel based on his attorney's failure to object to this unauthorized sentence. For its part, the State has conceded error. It agrees that a consecutive commitment for a juvenile's supervised-release violation is contrary to R.C. 5139.52(F). Having reviewed the statute, we find J.R.'s argument to be persuasive.

{¶ 4} The record reflects that DYS placed J.R. on "parole," or supervised release, in August 2018. (Doc. # 19 in T.C. No. 2017-1229). He violated the conditions of that release and, as set forth above, the trial court ordered him recommitted to DYS custody for 90 days. Under R.C. 5139.52(F), a period of institutionalization for a supervised-release violation "shall be served concurrently with any other commitment to the department of youth services."[1] Therefore, the trial court was obligated by statute to order the 90-day commitment for the supervised-release violation to be served concurrently with the other terms it imposed. *In re R.H.*, 8th Dist. Cuyahoga No. 104455, 2017-Ohio-7064, ¶ 7 ("Sentences for juvenile parole violations must be served concurrently. There is no other alternative."). J.R.'s assignments of error are sustained.

{¶ 5} Because the trial court's error did not affect its judgments in the cases in which J.R. entered admissions (App. Nos. 2018-CA-126, 2018-CA-127, and 2018-CA-128; T.C. Nos. 2018-0734, 2018-0753, and 2018-0827), the judgment in each of those cases is affirmed.

{¶ 6} In App. No. 2018-CA-125 (T.C. No. 2017-1229), we reverse the trial court's judgment imposing a consecutive 90-day commitment to DYS, and the cause is remanded for the trial court to impose a concurrent term.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

---

[1] This language in R.C. 5139.52(F) became effective September 19, 2014. It appears to have been intended to abrogate *In re H.V.*, 138 Ohio St.3d 408, 2014-Ohio-812, 7 N.E.3d 1173, which earlier that year had upheld a trial court's judgment ordering a juvenile to serve a commitment for a supervised-release violation consecutively to a commitment for a new offense.

Copies sent to:

John M. Lintz
Timothy B. Hackett
Hon. Katrine Lancaster