[Cite as *In re K.M.C.*, 2016-Ohio-5322.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 103449

# IN RE: K.M.C., JR.

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL-14-109449

**BEFORE:** E.A. Gallagher, P.J., E.T. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** August 11, 2016

**ATTORNEY FOR APPELLANT**

William T. Beck
2035 Crocker Rd., Suite 104
Westlake, Ohio 44145

Brian R. Moriarty
2000 Standard Building
1370 Ontario Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Brandon A. Piteo
        Scott C. Zarzycki
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

**{¶1}** Defendant-appellant K.M.C., Jr. ("K.M.C.") appeals the disposition ordered by the Cuyahoga County Court of Common Pleas Juvenile Division ("juvenile court") after he was adjudicated delinquent by reason of his commission of multiple offenses in connection with a scheme to steal cell phones, laptops and other personal property from students at Case Western Reserve University. He contends that the juvenile court's disposition, committing K.M.C. to the Ohio Department of Youth Services ("ODYS"), was not reasonably calculated to achieve the overriding purposes of R.C. 2152.01(A) and should, therefore, be reversed and vacated. For the reasons that follow, we affirm the disposition ordered by the juvenile court.

**Factual and Procedural Background**

**{¶2}** On May 28, 2015, the juvenile court adjudicated K.M.C. delinquent as to two counts of aggravated robbery in violation of R.C. 2911.01(A)(1), two counts of kidnapping in violation of R.C. 2905.01(A)(2) and one count of aggravated burglary in violation of R.C. 2911.11(A)(2). The charges related to a July 19, 2014 incident on the campus of Case Western Reserve University in which K.M.C. and two other juveniles, wearing masks, "hoodies" and gloves, entered a room where there was a group study session in progress, brandished what was claimed to be a gun and robbed several college students of their laptops, cell phones and other personal property. The juvenile court referred the matter to ODYS for a dispositional report and the matter was scheduled for

disposition.

**{¶3}** On July 10, 2015, the juvenile court held a dispositional hearing. Pursuant to R.C. 2152.16(A)(1)(d), the juvenile court ordered K.M.C. committed to the legal custody of ODYS for institutionalization in a secure facility "for an indefinite term consisting of a minimum period of 12 months and a maximum period not to exceed the child's attainment of the age of twenty-one" on each of the five counts, to run concurrently, "for a total commitment of one (1) year."[1] The juvenile court also imposed a fine of $750 as to each of the offenses, which it suspended. K.M.C. was granted leave to file a delayed appeal. He raises the following assignment of error for review:

> The juvenile court abused its discretion when it committed appellant to one year to DYS was [sic] not reasonably calculated to achieve the overriding purposes of R.C. 2152[sic].

**Law and Analysis**

**{¶4}** A juvenile court has "broad discretion to craft an appropriate disposition for a juvenile who is adjudicated delinquent." *In re D.S.*, 111 Ohio St. 3d 361, 2006-Ohio-5851, 856 N.E.2d 921, ¶ 6. A juvenile court's disposition order will be upheld unless the juvenile court abused its discretion. *In re H.V.*, 138 Ohio St. 3d 408, 2014-Ohio-812, 7 N.E.3d 1173, ¶ 8. An abuse of discretion implies that the juvenile court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v.*

---

[1]The journal entries entered by the juvenile court on May 28, 2015 and July 10, 2015, incorrectly stated that K.M.C. was adjudicated delinquent as to four counts of aggravated robbery instead of two counts of aggravated robbery and two counts of kidnapping. Journal entries correcting the error were filed by the juvenile court nunc pro tunc on February 9, 2016.

*Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶5}** R.C. 2152.01 requires that a delinquency disposition be "reasonably calculated to achieve the overriding purposes" of (1) providing for the care, protection, and mental and physical development of the delinquent child; (2) protecting the public interest and safety; (3) holding the delinquent child accountable for his or her actions, (4) restoring the victim and (5) rehabilitating the delinquent child. R.C. 2152.01(A)-(B); *In re R.E.*, 8th Dist. Cuyahoga No. 100954, 2014-Ohio-3595, ¶ 9. Accordingly, the juvenile court must consider these principles when exercising its discretion to craft an appropriate delinquency disposition. *In re D.S.* at ¶ 6. These purposes are to be achieved "by a system of graduated sanctions and services." R.C. 2152.01(A). A delinquency disposition must also be "commensurate with and not demeaning to the seriousness of the delinquent child's * * * conduct and its impact on the victim" and "consistent with dispositions for similar acts committed by similar delinquent children." R.C. 2152.01(B).

**{¶6}** In this case, K.M.C. argues that the juvenile court's commitment of K.M.C. to ODYS was not reasonably calculated to achieve the overriding purposes of R.C. 2152.01(A) because (1) it was K.M.C.'s "first time in the court system," (2) no one was physically injured during the incident, (3) the offenses for which K.M.C. was adjudicated delinquent involved only two victims — as opposed to six victims (for which another juvenile involved in the incident was adjudicated delinquent) and (4) although a gun was used in committing the offenses at issue, "it was not clear if the gun was real." We

disagree.

{¶7} The record demonstrates that the juvenile court considered the overriding purposes of delinquency disposition and supports the conclusion that commitment of K.M.C. to ODYS was reasonably calculated to achieve those purposes. At the dispositional hearing, the juvenile court noted that although the incident was K.M.C.'s first involvement with the court system, the seriousness of the offenses — i.e., preying on college students while they were studying for a test, showing them what is claimed to be a gun and taking not only their property but their sense of safety and security — the degree and sophistication of the planning involved in the commission of the offenses — i.e., wearing masks and gloves in attempt to avoid the consequences of their actions — K.M.C.'s role as one of the leaders in the commission of the offenses and his lack of remorse warranted his commitment to ODYS. The juvenile court further noted that while he was confined in the detention center, K.M.C. was involved in seven different incidents, ranging from physical altercations with others and defiance of staff members to the possession of contraband, bullying and other "outrageous behavior."

{¶8} The record reflects that K.M.C. planned and executed serious crimes involving multiple victims without remorse and that he refused to take responsibility for his actions. The offenses K.M.C. committed would have been first-degree felonies if committed by an adult. The record reflects that K.M.C. continued to engage in dangerous and disruptive behavior once confined in the detention center. Simply because none of K.M.C.'s victims was physically injured in the incident does not mean

K.M.C. did not cause significant, cognizable harm to those victims and does not negate the seriousness of the offenses he committed.

**{¶9}** Protection of the public interest and safety and holding a juvenile offender accountable for his actions are among the "overriding purposes" of juvenile disposition. We cannot say, based on the record before us, that the juvenile court's decision to commit K.M.C. to ODYS was not reasonably calculated to serve these and the other "overriding purposes" of disposition under R.C. 2152.01(A). There is nothing in the record to suggest that the juvenile court acted unreasonably, arbitrarily or unconscionably in committing K.M.C. to ODYS. Accordingly, K.M.C.'s assignment of error is overruled.

**{¶10}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
PATRICIA A. BLACKMON, J., CONCUR