[Cite as *In re B.K.*, 2018-Ohio-864.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

IN THE MATTER OF: B.K., aka R.B.K.   :
  :
  :    Appellate Case No. 2017-CA-32
  :
  :    Trial Court Case No. D46849
  :
  :    (Appeal from Juvenile Court)
  :
  :
  :

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of March, 2018.

. . . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
    Attorney for Appellee

RICHARD L. KAPLAN, Atty. Reg. No. 0029406, P.O. Box 751192, Dayton, Ohio 45475
    Attorney for Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Appellant R.B.K., a minor, appeals from a judgment of the Greene County Court of Common Pleas, Juvenile Division committing him to the custody of the Ohio Department of Youth Services ("ODYS"). For the following reasons, we affirm that judgment except as to the restitution order because, as conceded by the State, the order must be amended to the agreed upon restitution amount of $900.00.

## I. Facts and Procedural History

{¶ 2} The record reflects that R.B.K. was charged in October 2015 with three counts of rape, a felony of the first degree if committed by an adult, and three counts of gross sexual imposition, a felony of the third degree if committed by an adult. The charges related to R.B.K.'s conduct with a male cousin and a female cousin, both of whom were younger than ten.

{¶ 3} A plea agreement was filed with the court on January 30, 2017. As part of the agreement, the State amended two counts of rape to felonious assault, felonies of the second degree if committed by an adult. The State also dismissed the remaining counts. In exchange, R.B.K. entered admissions to both amended charges. The plea agreement further provided for restitution of $900.00.

{¶ 4} Following an April 26, 2017 disposition hearing, the juvenile court committed R.B.K. to ODYS for an indefinite term consisting of a minimum period of one year on each felony offense and a maximum period not to exceed his twenty-first birthday. The court, however, suspended the commitment on the following conditions:

(1) No future violation of law;

(2) Successful compliance with monitored time until the age of 21;

(3) Successful completion of the Felony Offenders Program;

(4) Successful completion of Community Control;

(5) Pay fines, court costs and restitution in a timely manner;

(6) Submit to a DNA sample;

(7) No unsupervised contact with children under age 12;

(8) Outpatient counseling services;

(9) Remain compliant with medical services and medicines;

(10) Obtain GED.

{¶ 5} The court also required R.B.K. to have no contact with his cousins and to undergo sex offender counseling at Miami Valley Juvenile Rehabilitation Center. Finally, the court required R.B.K. to make restitution of $1,340.

{¶ 6} R.B.K. filed a timely appeal.

## II. Analysis

{¶ 7} R.B.K.'s only assignment of error states as follows:

THE TRIAL COURT ERRED TO THE PREJUDICE OF RBK WHEN IT SENTENCED HIM TO THE ODYS FOR A SEVEN YEAR PERIOD TO THE MAXIMUM OF HIS 21ST BIRTHDAY AND PLACING SEVERE UNREASONABLE RESTRICTIONS AND CONDITIONS ON HIM

{¶ 8} RBK challenges his sentence and attendant restrictions as an abuse of discretion.

{¶ 9} The purposes of juvenile court dispositions include providing for the care,

protection and development of children, protecting the public from wrongful acts, holding the offender accountable, and rehabilitating the offender. R.C. 2152.01(A). The Supreme Court of Ohio has recognized that "[s]ince its origin, the juvenile justice system has emphasized individual assessment, the best interest of the child, treatment, and rehabilitation, with a goal of reintegrating juveniles back into society." *State v. Hanning*, 89 Ohio St.3d 86, 88, 728 N.E.2d 1059 (2000). R.C. 2152.01(B) states that "[d]ispositions * * * shall be reasonably calculated to achieve the overriding purposes set forth in this section, commensurate with and not demeaning to the seriousness of the delinquent child's * * * conduct and its impact on the victim, and consistent with dispositions for similar acts committed by similar delinquent children * * * [.]"

{¶ 10} Because the juvenile court "has the opportunity to see and hear the delinquent child, to assess the consequences of the child's delinquent behavior, and to evaluate all the circumstances involved," the statute authorizes it to issue orders of disposition appropriate to each child. *In re Caldwell*, 76 Ohio St.3d 156, 160–161, 666 N.E.2d 1367 (1996). Therefore, the juvenile court considers not only the delinquent act, but "the overall conduct and behavior of the juvenile, the juvenile's history, the remorse shown by the juvenile and other societal factors * * *." *Id.* at 160.

{¶ 11} A juvenile court has broad discretion in fashioning a dispositional order to achieve these purposes. *In re D.S.*, 111 Ohio St.3d 361, 2006-Ohio-5851, 856 N.E.2d 921, ¶ 6. Absent an abuse of that discretion, we will not reverse the decisions of the juvenile court. *Id.* A trial court abuses its discretion when its attitude is arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 12} R.C. 2152.16(A)(1) provides:

If a child is adjudicated a delinquent child for committing an act that would be a felony if committed by an adult, the juvenile court may commit the child to the legal custody of the department of youth services for secure confinement as follows:

* * *

(d) If the child is adjudicated a delinquent child for committing an act that is not described in division (A)(1)(b) or (c) of this section and that would be a felony of the first or second degree if committed by an adult, for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed the child's attainment of twenty-one years of age.

{¶ 13} R.B.K. first claims that the juvenile court erred by imposing a seven-year commitment to ODYS. In reviewing the record, we note that the court did not impose a seven-year commitment. Instead, R.B.K. was committed to ODYS for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed his attainment of the age of twenty-one. Dkt. At 79. This commitment comports with the statutory requirement of R.C. 2152.16(A)(1)(d), and thus, does not constitute an abuse of discretion.

{¶ 14} R.B.K. next contends that the trial court abused its discretion by requiring him to complete the sex offender treatment program at the Miami Valley Juvenile Rehabilitation Center In support, he contends that there is no evidentiary support for such a ruling as he did not make an admission to rape or gross sexual imposition and because he maintained his innocence to those charges. In short, he argues that the

punishment does not fit the crime to which he made an admission.

{¶ 15} R.C. 2152.19(A) sets forth a number of authorized dispositional orders including R.C. 2152.19(A)(8) which is a "catchall" provision that allows a juvenile court to "[m]ake any further disposition that the court finds proper[.]" Despite the nonsexual nature of the plea, the juvenile court conditioned community control sanctions, in part, upon R.B.K.'s completion of a sexual offender treatment program. The pre-disposition investigation report indicates that R.B.K. admitted to touching his cousin's vagina approximately two or three years prior to this incident when his cousin was only four years old. The record further contains evidence that, if believed, R.B.K. attempted to vaginally penetrate his cousin with his penis when the cousin was ten. There is also evidence that he touched her breasts and made her touch his penis. With regard to R.B.K.'s male cousin, there is evidence that R.B.K. forced his cousin to perform fellatio upon him. Thus, we find no abuse of discretion. We further note that this issue has been rendered moot as the parties agree that R.B.K. has completed the program.

{¶ 16} R.B.K. also challenges that portion of the disposition providing for monitored time to the age of 21. Monitored time is a disposition permitted by R.C. 2152.19(A)(4)(i) and constitutes "a period of time during which an offender continues to be under the control of the sentencing court or parole board, subject to no conditions other than leading a law-abiding life." R.C. 2152.02(T); R.C. 2929.01(Y). It acts as a "tether that allows a court to maintain some connection with a juvenile delinquent." *In re Cross*, 96 Ohio St.3d 328, 2002-Ohio-4183, 774 N.E.2d 258, ¶ 27. Regardless of whether he continues to maintain his innocence as to the original charges, R.B.K. was adjudicated a delinquent by reason of committing serious offenses against two young victims, and there is

evidence that this was not the first time he committed a sexual offense. He has, as such, failed to demonstrate that the ordered monitored time is unreasonable.

{¶ 17} R.B.K. contends that the juvenile court also abused its discretion by ordering that his internet usage and social media be monitored. While the court did mention such a restriction at the disposition hearing, it did not include the condition in the final dispositional order. Since a court speaks only through its journal, this argument lacks merit. *State v. Cave*, 2d Dist. Clark No. 19-CA-6, 2010-Ohio-1237, ¶ 10.

{¶ 18} R.B.K. complains that the court imposed a condition that he have no unsupervised contact with children under the age of 12. He contends that this restriction would make sense if it were limited to contact with his cousins, but that it constitutes an unreasonable restriction as applied to other young children. Again, there is evidence in this record that R.B.K. has committed sexual offenses against two children under the age of ten, and that he did so a few years prior to the alleged offenses when the female victim was even younger. Thus, we cannot say that this restriction constitutes an abuse of discretion.

{¶ 19} Finally, R.B.K. contends that the juvenile court erred with regard to the amount of restitution due. As conceded by the State, the juvenile court should have only imposed restitution in the amount of $900.00 as agreed to in the plea agreement. We note that there is no evidence in the record that indicates the restitution imposed should have been greater than $900.00. Thus, we conclude that the order of restitution is erroneous.

{¶ 20} Based upon the record before us, we conclude that the trial court erred as to the amount of restitution. However, the trial court did not abuse its discretion with

regard to the remainder of the disposition. Therefore, the sole assignment of error is sustained, in part, and overruled in part.

### III. Conclusion

{¶ 21} The sole assignment of error being overruled in part and sustained in part, the judgment of the juvenile court is reversed solely with regard to the amount of restitution, and this cause is remanded to the juvenile court to issue an order amending the restitution to reflect the amount of $900.00 rather than $1,340.00. The judgment is affirmed in all other respects.

. . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies mailed to:

Nathaniel R. Luken
Richard L. Kaplan
Hon. Adolfo Tornichio