[Cite as *In re J.C.*, 2022-Ohio-2993.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

IN RE:

J.C.,

CASE NO. 1-22-23

O P I N I O N

ADJUDICATED DELINQUENT CHILD.

Appeal from Allen County Common Pleas Court
Juvenile Division
Trial Court No. 2021 JG 37690

**Judgment Affirmed**

Date of Decision: August 29, 2022

APPEARANCES:

*Melody E. Goodin* for Appellant

*John R. Willamowski, Jr.* for Appellee

**ZIMMERMAN, P.J.**

{¶1} Adjudicated delinquent child-appellant, J.C., appeals the March 10, 2022 judgment entry of disposition of the Allen County Court of Common Pleas, Juvenile Division. For the reasons that follow, we affirm.

{¶2} On October 8, 2021, a complaint was filed against J.C. charging him with one count of improperly discharging firearm at or into habitation in violation of R.C. 2923.161, a felony of the second degree if committed by an adult. The complaint arose from an October 5, 2021 incident during which J.C., who was 16 years old at the time of the offense, discharged a firearm into the residence of the victim after attempting to confront the victim regarding an altercation with another youth. On October 14, 2021, J.C. appeared by remote contemporaneous video and denied the charge in the complaint.

{¶3} On January 13, 2022, J.C. withdrew his denial of the charge in the complaint and admitted to the charge as alleged in the complaint. In exchange for his change of plea, the State agreed to dismiss the charge in another case. The trial court accepted J.C.'s admission and adjudicated J.C. a delinquent child as alleged in the complaint.

{¶4} At a dispositional hearing on March 9, 2022, the trial court committed J.C. to the legal care and custody of the Ohio Department of Youth Services

Case No. 1-22-23

("DYS") for a minimum of one year (not to exceed J.C.'s 21st birthday).[1] (Doc. No. 27).

{¶5} On April 5, 2022, J.C. filed a notice of appeal. He raises one assignment of error for our review.

**Assignment of Error**

**The Trial Court Abused its Discretion In Ordering That Appellant J.C. Be Immediately Committed to the Care and Custody of the Ohio Department of Youth Services for a Minimum of One (1) Year And to a Maximum of the Age of 21 Years, In Violation of 2152.01 of the Ohio Revised Code.**

{¶6} In his assignment of error, J.C. argues the trial court abused its discretion by committing him to the legal care and custody of DYS for a minimum of one year and a maximum period not to exceed J.C.'s attainment of 21 years of age. Specifically, J.C. contends that the trial court's order of commitment is unsupported by the record and failed to satisfy the requirements of R.C. 2152.01.

*Standard of Review*

{¶7} We review a juvenile court's disposition for a child adjudicated delinquent under an abuse-of-discretion standard. *In re D.S.*, 111 Ohio St.3d 361, 2006-Ohio-5851, ¶ 6; *In re T.H.*, 12th Dist. Clermont No. CA2006-02-021, 2007-Ohio-352, ¶ 10; *In re D.W.*, 10th Dist. Franklin No. 19AP-221, 2019-Ohio-5259, ¶

---

[1] The trial court filed its judgment entry of disposition on March 10, 2022. (Doc. No. 27).

-3-

7. An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

*Analysis*

**{¶8}** Ohio's juvenile courts—deriving power solely by statute—are courts of limited jurisdiction. *In re Williams*, 4th Dist. Washington No. 05CA56, 2006-Ohio-4657, ¶ 5, citing *Carnes v. Kemp*, 104 Ohio St.3d 629, 2004-Ohio-7107, ¶ 25 and *In re R.K.*, Cuyahoga No. 84948, 2004-Ohio-6918, ¶ 22. To that end, R.C. Chapter 2152 governs juvenile-delinquency matters. *See In re Cross*, 96 Ohio St.3d 328, 2002-Ohio-4183, ¶ 11.

**{¶9}** When reviewing a case that originated in the juvenile court, we must consider the purposes underlying juvenile dispositions as set forth under R.C. 2152.01. *In re H.V.*, 138 Ohio St.3d 408, 2014-Ohio-812, ¶ 9. Those purposes include providing "for the care, protection, and mental and physical development of the juvenile offender"; protecting "the public interest and safety"; holding "the juvenile offender accountable"; restoring "the victim"; and rehabilitating "the juvenile offender." *Id.* "The statute further states that these purposes are to be achieved 'by a system of graduated sanctions and services.'" *Id.*, quoting R.C. 2152.01(A).

**{¶10}** "The various traditional juvenile dispositions available to a trial court are delineated in R.C. 2152.16, 2152.17, 2152.19, and 2152.20." *Id.* at ¶ 32

(O'Connor, C.J., dissenting), citing R.C. 2152.02(Z). In particular, when determining an appropriate disposition for a juvenile who has been adjudicated delinquent, the juvenile court may commit the juvenile to the legal care and custody of DYS; place the juvenile in a detention facility or on house arrest; impose fines; or impose any of the other options (or combination of options) described in R.C. Chapter 2152. *Id.* at ¶ 33 (O'Connor, C.J., dissenting), citing R.C. 2152.16, 2152.19(A)(3), (4)(j), and 2152.20(A)(1). "Dispositions imposed under the delinquency statutes are to be 'reasonably calculated to achieve the overriding purposes' of R.C. 2152.01 but must also be 'commensurate with and not demeaning to the seriousness of the * * * conduct and its impact on the victim, and consistent with dispositions for similar acts committed by similar delinquent children.'" *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, ¶ 47, quoting R.C. 2152.01(B).

**{¶11}** Importantly, "[t]he juvenile disposition statutes do not exist merely to punish children and prevent future crime[.]" *In re T.H.*, 2007-Ohio-352, at ¶ 13, quoting *In re Chappell*, 164 Ohio App.3d 628, 2005-Ohio-6451, ¶ 49 (7th Dist.). "Nevertheless, despite the stated purposes of providing for the care, protection, and development of children, and to rehabilitate the offender, some circumstances justify substantial confinement in order to fulfill the purposes of protecting public safety and holding the offender accountable." *Id.*, citing *In re J.B.*, 12th Dist. Butler No. CA2004-09-226, 2005-Ohio-7029, ¶ 120.

**{¶12}** As a second-degree felony if committed by an adult, improperly discharging firearm at or into habitation carries the possibility of commitment to the legal care and custody of DYS "for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed the child's attainment of twenty-one years of age." R.C. 2152.16(A)(1)(d); 2923.161(C). In this case, the trial court committed J.C. to the legal care and custody of DYS for a minimum period of one year and a maximum period not to exceed J.C.'s attainment of 21 years of age as to his improperly-discharging-firearm-at-or-into-habitation adjudication. Accordingly, J.C.'s disposition falls within the statutory range. *Accord In re J.S.*, 3d Dist. Hancock No. 5-19-22, 2020-Ohio-3413, ¶ 14.

**{¶13}** Nevertheless, J.C. argues that the trial court abused its discretion by committing him to the care and custody of DYS for a minimum of one year and a maximum period not to exceed J.C.'s attainment of 21 years of age. J.C. argues that the trial court's order of commitment disregards the evidence in the record that a less restrictive disposition would satisfy the purposes underlying juvenile dispositions as set forth under R.C. 2152.01. Specifically, J.C. contends that the trial court acted arbitrarily, unreasonably, and unconscionably by overlooking the mitigating circumstances presented in this case along with the dispositional recommendation contained in the pre-dispositional report and, instead, committing him to the legal care and custody of DYS.

**{¶14}** "When imposing a juvenile disposition, the best practice is to develop a robust analysis of the purposes underlying juvenile dispositions at the dispositional hearing and in the dispositional entry to satisfy the virtue of the statute." *In re J.R.*, 3d Dist. Allen No. 1-22-16, 2022-Ohio-2623, ¶ 14. Even though the trial court's dispositional entry lacks the analysis suggested by the spirit of the statute, we are able to discern that the record demonstrates that the trial court entered its disposition after considering the purposes of juvenile dispositions and that the trial court's commitment of J.C. to DYS is reasonably calculated to achieve those purposes. *Accord id.*; *In re J.S.* at ¶ 16; *In re K.M.C.*, 8th Dist. Cuyahoga No. 103449, 2016-Ohio-5322, ¶ 7. At the dispositional hearing, the trial court heard from the probation department, the State, J.C.'s trial counsel, J.C., J.C.'s guardian ad litem, and J.C.'s custodian. While the probation department and J.C. advocated for a disposition of a suspended DYS commitment conditioned on his successful compliance with community-control sanctions, the State indicated that it would defer the matter to the court's discretion. Importantly, the trial court was aware of the mitigating factors in this case, including J.C.'s history with the court system, his remorse for his conduct, and his willingness to change his conduct and behavior. *See In re G.S.*, 8th Dist. Cuyahoga No. 110198, 2021-Ohio-3201, ¶ 22. Furthermore, the trial court reviewed the pre-dispositional report.

{¶15} However, it is evident from the record that the trial court heavily weighed the purposes of protecting the public interest and safety as well as the seriousness of J.C.'s conduct in favor of a disposition of a commitment to DYS. *See id.*, citing R.C. 2152.01. *See also In re K.M.C.*, 8th Dist. Cuyahoga No. 103449, 2016-Ohio-5322, ¶ 7 ("At the dispositional hearing, the juvenile court noted that although the incident was K.M.C.'s first involvement with the court system, the seriousness of the offenses * * * warranted his commitment to ODYS."). Specifically considering protecting the public interest and safety, the trial court discussed J.C.'s conduct at issue in this case and stated that it cannot allow juveniles to "use firearms to try to solve a problem. It does not work. It is not safe and [it] cannot have it." (Mar. 9, 2022 Tr. at 32). Further, the trial court noted that it needed "to look out for [J.C.'s] safety, [the trial court's] safety, for everyone else's safety. And when * * * individuals illegally possess[,] firearms [it] is a problem. It's even more of a problem when [individuals] are illegally possessing a firearm and deciding to use the firearm for * * * no legitimate purpose." (*Id.*). *Accord In re J.R.* at ¶ 15. *See also In re D.H.*, 6th Dist. Erie No. E-21-029, 2022-Ohio-1972, ¶ 22. Indeed, "[p]rotection of the public interest and safety and holding a juvenile offender accountable for his actions are among the 'overriding purposes' of juvenile disposition." *In re K.M.C.* at ¶ 9, quoting R.C. 2152 .01(A).

{¶16} Moreover, it is evident that the trial court considered the purposes of rehabilitation and the provision of care, protection, and the mental and physical development of J.C. when weighing the appropriateness of a disposition of a commitment to DYS. *Accord In re J.R.* at ¶ 16. *Compare In re D.H.* at ¶ 23 (noting that the record reflects that the trial court's statements at the dispositional hearing "plainly reflect" its "consideration of the remaining purposes of [a] juvenile disposition in that it sought to provide appellant with the appropriate care, protection, mental, and physical development as well as the most appropriate rehabilitative services as described in R.C. 2152.01(A)"). That is, the record reflects an exchange between the trial court and J.C. regarding the "significance and severity of [his] actions, [progressing] from finding a gun, to showing off a gun, to using a weapon." (Mar. 9, 2022 Tr. at 26). *Accord In re J.R.* at ¶ 16. *See also In re D.H.* at ¶ 23.

{¶17} Significantly, "when reviewing for an abuse of discretion, an appellate court must not substitute its judgment for that of the trial court." *In re I.S.P.*, 4th Dist. Washington No. 09CA37, 2010-Ohio-410, ¶ 20. Indeed, the trial court is "better able to view the parties, to assess the victim's and the victim's family's needs, to assess the offender's situation and to then consider and weigh all available options." *In re B.C.*, 4th Dist. Lawrence No. 06CA43, 2007-Ohio-6477, ¶ 13. *See also In re J.S.* at ¶ 13 ("'Because the juvenile court "has the opportunity to see and

hear the delinquent child, to assess the consequences of the child's delinquent behavior, and to evaluate all the circumstances involved," [R.C. 2152.01] authorizes it to issue orders of disposition appropriate to each child.'"), quoting *In re B.K.*, 2d Dist. Greene No. 2017-CA-32, 2018-Ohio-864, ¶ 10, quoting *In re Caldwell*, 76 Ohio St.3d 156, 160-161 (1996).

**{¶18}** Here, J.C. has not presented this court with any reason other than a difference in opinion to reverse his order of commitment. Consequently, because the trial court's disposition is well within its broad discretion, there is nothing in this record to suggest that the trial court acted unreasonably, arbitrarily, or unconscionably. *See In re G.S.* at ¶ 24; *In re K.M.C.* at ¶ 9. *See also In re B.C.* at ¶ 16. Therefore, we conclude that the trial court did not abuse its discretion by committing J.C. to the legal care and custody of DYS for a minimum period of one year and a maximum period not to exceed J.C.'s attainment of 21 years of age as to his improperly-discharging-firearm-at-or-into-habitation adjudication.

**{¶19}** J.C.'s assignment of error is overruled.

**{¶20}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the juvenile court.

***Judgment Affirmed***

**MILLER AND SHAW, J.J., concur.**

**/jlr**

Case No.  1-22-23